## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| **DEBORAH LAUFER, Individually,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 3:19-cv-04885_____** |
| | : | |
| **v.** | : | |
| | : | |
| **ROYA INTERNATIONAL HOTEL** | : | |
| **INVESTMENTS, LLC d/b/a ROYA HOTEL** | : | |
| **FORT WALTON BEACH, a Florida Limited** | : | |
| **Liability Company,** | : | |
| | : | |
| **Defendant.** | | |
| _____/ | | |

### PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AFTER DEFAULT AND VERIFIED APPLICATION FOR ATTORNEY FEES, COSTS, EXPERT FEES AND LITIGATION EXPENSES WITH MEMORANDUM OF LAW IN SUPPORT

Plaintiff DEBORAH LAUFER("Plaintiff"), pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, moves this Court to enter Judgment after Default against Defendant, ROYA INTERNATIONAL HOTEL INVESTMENTS, LLC d/b/a ROYA HOTEL FORT WALTON BEACH.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

This is an action for injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. §12181, et seq. ("Americans With Disabilities Act" or "ADA"). The individual Plaintiff, Patricia Kennedy, qualifies as a disabled person within the meaning of the ADA. Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of

her hands. She is unable to tightly grasp, pinch and twist of the wrist to operate. Plaintiff is also vision impaired. The subject property is a hotel.

Defendant was served with the summons and complaint on December 12, 2019 [DE 6]. The Defendant failed to file an answer. The Plaintiff filed a Request for a Clerk's Default. [DE 7]. Therefore, a Clerk's Default was entered against Defendant on January 22, 2020. [DE 8].

## **MEMORANDUM OF LAW**

### I.    **PLAINTIFF IS ENTITLED TO FINAL DEFAULT JUDGMENT**

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §1331 and 1343 for Plaintiff's claims arising under 28 U.S.C. §12181, et seq., based on Defendants' violations of Title III of the Americans With Disabilities Act (see also, 28 U.S.C. §2201 and §2202).

Pursuant to the provisions of Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Rules of Civil Procedure, such as the Defendants in this cause, a default shall be entered against that party. In this instance, Defendants were properly served with the Complaint filed herein and failed to respond in any manner. Therefore, a final default judgment should be entered by the Court against Defendants based upon evidence provided by a supporting affidavit and/or a hearing if necessary.

Defendant, as the owner and operator of a place of lodging known as ROYA HOTEL FORT WALTON BEACH, located at 322 Miracle Strip Pkwy SW, Fort Walton Beach, FL 32548, ("the Property" or "the Hotel"), is required to comply with the ADA, as well as the standards applicable to places of public accommodation, as set forth in the Code of Federal Regulations, incorporated by reference into the ADA. These regulations impose requirements pertaining to places of public

2

accommodation, including places of lodging, to ensure that they are accessible to disabled individuals. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirements:

**Reservations made by places of lodging.** A public accommodation that owns, leases or leases to or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –

    (i)    Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

    (ii)    Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

    (iii)    Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

    (iv)    Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

    (v)    Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

The Defendant, either by itself or through a third party, implemented, operates, controls and/or maintains the following website for the Property: http://www.royahotelfortwaltonbeach.com/ and through booking.com, hotels.com, orbitz.com, agoda.com, priceline.com and expedia.com.

Prior to the commencement of this lawsuit, the Plaintiff visited the website for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether it meets the requirements of 28.C.V.R. Section 36.302(e) and her accessibility needs. Plaintiff was unable to do so because Defendant has failed to comply with said requirements, and as a result the Plaintiff was deprived of the same goods, services, features, facilities, benefits, advantages, and accommodations

of the property and website available to the general public. Plaintiff intends to revisit the Defendant's website in the near future to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits advantages, and accommodations of the Property, but she is continuously aware that the subject website remains non-compliant and it would be a futile gesture to revisit the website as long as those violations exist, unless she is willing to suffer additional discrimination. Venue is proper in this jurisdiction because this is were the injury occurred.

Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 CFR Part 36. Defendant is in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq., and is discriminating against Plaintiff. The discrimination is based on the Defendant's denying Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations as prohibited by 42 U.S.C. §12182 et seq., and by depriving her of the information required to make meaningful choices for travel. By maintaining the website with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

Pursuant to 42 U.S.C. 12188(a)(2), this Court is provided authority to grant Plaintiff's injunctive relief, including an Order to alter the website to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA. Courts have granted motions for default judgment based on website discrimination involving hotel online reservations systems. See, e.g., Kennedy v. Londamerican Real Estate Ltd., 19-cv-61228-SMITH/VALLE, DE 18 (S.D. Fla. 8/21/2019); Kennedy v. Guruhari Hospitality, LLC, 0:19-cv-61139-WPD, DE 18 (S.D. Fla.

7/11/2019); <u>Kennedy v. Moreno</u>, 19-60550-CIV-ALTMAN, DE 20, (S.D. Fla. 6/26/2019); <u>Kennedy v. Pacifica Tampa Ltd Partnership</u>, 5:17-cv-442-JSM-PRL, DE 7 (M.D. Fla. 1/25/18). <u>Kennedy v. Fernandez</u>, 19-60876, DE 18 (S.D. Fla. 6/11/2019);  <u>Kennedy v. Astoria Hotel Suites, LLC</u>, 19-cv-60160, DE 17 (S.D. Fla. 3/22/19); <u>Kennedy v. Dockside View, LLC</u>, 2:18-cv-14444-KAM (S.D. Fla. 1/19/19); <u>Kennedy v. Cape Siesta Motel, LLC</u>, 18-81811, 0:18-cv-61811-MGC, DE 20 (S.D. Fla. 1/18/2019); <u>Kennedy v. Shivnit, Inc.</u>, 0:18-cv-63094-UU, DE 12 (S.D. Fla. 1/30/19); <u>Kennedy v. Terrace Park Suites, LLC</u>, 0:19-cv-60012-DPG (S.D. Fla. 3/21/19); <u>Kennedy v. Shree Ram Jalaram, Inc.</u>, 19-60708, DE 13 (S.D. Fla. 4/18/2019); and <u>Kennedy v. Rushi Hospitality LLC</u>, 18-cv-62259-WPD, DE 26 (S.D. Fla. 2/6/19). These include the entry of judgment mandating that the Defendants bring their  websites into full compliance with the ADA. Further, the Courts stated that Plaintiff is entitled to their attorney fees, costs, litigation expenses and expert fees incurred.

## CONCLUSION

WHEREFORE, Plaintiff respectfully moves this Court to enter Judgment After Default against the Defendant, enjoining it from discriminating against individuals with disabilities and remediating its websites to bring it into compliance with the Regulation.

Respectfully submitted,

Attorney for Plaintiff:

/s/ Kimberly A. Corkill, Esq.

Kimberly A. Corkill, Of Counsel
Thomas B. Bacon, P.A.
7 N. Coyle Street
Pensacola, FL 32502
ph. 850-375-3475

5

fx 877-828-4446
kimberlyatlaw@gmail.com
Florida Bar Id. No. 84942

Thomas B. Bacon, Esq.
Thomas B. Bacon, P.A.
644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (850)375-3475
kimberlyatlaw@gmail.com
Florida Bar. Id. No. 84942

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed to the Defendants

at the address listed below this 24th  day of January 2020.

ROYA INTERNATIONAL HOTEL INVESTMENTS, LLC d/b/a ROYA HOTEL FORT
WALTON BEACH
c/o AMI AKKAN
322 MIRACLE STRIP PKWY SW
FORT WALTON BEACH, FL 32548

/s/ Kimberly Corkill